UNITED STATES BANKRUPTCY COURT<br>FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  LARRY VERON HOGG        :  CHAPTER 13
        Debtor(s)                    :
                               :

       CHARLES J. DEHART, III        :
       STANDING CHAPTER 13 TRUSTEE    :
        Movant                     :
                               :
            vs.                        :
                               :
       LARRY VERON HOGG           :
        Respondent(s)            :  CASE NO.   1-20-bk-01725

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this   9th   day of July, 2020, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1.  Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.   More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

     a.  Earning capacity

2.  Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7.   More specifically, debtor's have excess non-exempt equity in the following:

     a.  Claims against wife.
     b.  Bank statements for June 2, 2020

3.  Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

     a.  2019 Federal Income Tax return.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this   15th   day of July, 2020, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Brent Diefenderfer, Esquire
135 North George Street
York, PA   17401

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee