# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Larry Veron Hogg <br> Debtor(s) | CHAPTER 13 |
| M&T Bank <br> Moving Party <br> vs. | NO. 20-01725 HWV |
| Larry Veron Hogg <br> Debtor(s) | |
| Jack N. Zaharopoulos <br> Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$16,907.12,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2020 through November 2020 at $736.44/month |
| | December 2020 through November 2021 at $753.19/month |
| | December 2021 through March 2022 at $736.26/month |
| Fees & Costs Relating to Motion: | $1,238.00 |
| **Total Post-Petition Arrears** | **$16,907.12** |

2. The Debtor(s) shall cure said arrearages through within the following schedule:

    a) Debtor shall sell the property within six (6) months of Court approval of this Stipulation, including a complete payoff to M&T Bank based upon a accurate payoff amount at the time of closing

3. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

5. If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 9, 2022  /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date:_____  
Brent Diefenderfer
Attorney for Debtor(s)

Date: 3/24/22  
for Jack N. Zaharopoulos
Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Henry W. Van Eck Esq.