IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: LARRY VERON HOGG | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPLOS, TRUSTEE | : | |
| Objectant | : | |
| | : | |
| vs. | : | CASE NO. 1: 20-bk-01725-HWV |
| | : | |
| BRENT C. DEFENDERFER, ESQUIRE | : | |
| Applicant. | : | |

**TRUSTEE'S OBJECTION TO FOURTH
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

NOW COMES Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Fourth Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on April 18, 2022 and states as follows:

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On June 2, 2020, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

3. On April 18, 2022, Applicant filed his Fourth Application for Interim Compensation and Reimbursement of Expenses. (ECF No.66)

4. The District has determined that $4,500.00 is a presumptively reasonable fee for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

1

5. Prior to the most recent fee request, Applicant has received compensation and reimbursement of expenses in this case totaling $8,293.95. This includes a retainer in the amount of $1,850. (ECF No. 25, 40, 53)

6. Applicant's Fourth Fee Application requests an additional $3,842.68 in fees. (ECF No. 66)

7. The Fourth Fee Application includes charges for services that are duplicative and excessive relative to the complexity of the services performed and are therefore not allowable under § 330(a). Section § 330(a)(6) provides: "Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application."

8. On July 23, 2021 Applicant charged 12 minutes for "Continue drafting fee application." On August 5, 2021 Paralegal charged 6 minutes for "E-mail to client to confirm receipt of Third Fee Application," which is both clerical in nature and excessive. On August 5, 2021 Paralegal charged 12 minutes for "Finalize, file Third Fee Application and supporting documentation, Notice and Certificate of Service with the Court." On March 30, 2022 Applicant charged 12 minutes for "Work on fee application, coordinating instructions with paralegal." Finally on March 31, 2022 Paralegal charged one hour and 12 minutes for "First draft of Fourth Fee Application including Exhibits, Summary, Notice, and proposed Order, Drafting of cover letter to client forwarding the Fourth Fee Application for his review." The debtor was charged one hour and 54 minutes totaling $295 for preparation of what appears to be multiple fee applications in the case. This amount is excessive for the services provided relative to the complexity of the services.

9. Additionally, the Fourth Fee Application includes charges for services that are duplicative and unnecessary to the administration of the case and therefore not allowable under § 330(a).

10. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

11. On January 14, 2022 Applicant charged 12 minutes for "Teleconference with client regarding loan modification paperwork, etc." Also, on January 14, 2022 it appears the Applicant charged the debtor again for the same service which was "Teleconference with client regarding loan modification paperwork." Debtor was charged a total of $118 for these duplicative services.

12. On March 3, 2022 Paralegal charged 12 minutes to "Submit the Answer to Motion for Relief as requested by Attorney Brent C. Diefenderfer." On March 16, 2022 Paralegal also charged 12 minutes for "Scan attachment needed to be filed with Answer: Upload the Amended Answer to Motion for Relief and exhibit. Debtor was charged $52 for these services which are clerical in nature and should not be charged other than as overhead.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
Attorney for Trustee

# CERTIFICATE OF SERVICE

AND NOW, this 9th day of May 2022, I, Elizabeth Fitzgerald, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Brent C. Diefenderfer, Esquire
CGA Law Firm
135 North George Street
York, PA 17401
E:bdiefenderfer@cgalaw.com

/s/ Elizabeth Fitzgerald
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

5